UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STELLA TAYLOR,

                Plaintiff,                            Case No. 12-12075
                                                    Honorable Thomas L. Ludington

v.

ALLSTATE INSURANCE COMPANY,

                Defendant.

_____/

**OPINION AND ORDER REGARDING DEFENDANT'S PRIVILEGE LOG**

Plaintiff Stella Taylor allegedly sustained injuries when she was involved in a motor-vehicle accident on February 23, 2009. Plaintiff claims that the accident caused an annular tear in her lumbar spine, herniated discs, and a closed-head injury — injuries that resulted in psychological damage and a failed back surgery. Plaintiff now must undergo continued treatment at numerous facilities, including twenty hours per day of attendant care.

Plaintiff claims her injuries qualify for No-Fault benefits under the Michigan No-Fault Act, MCL 500.3101 *et seq.* Specifically, Plaintiff seeks reimbursement for medical bills in excess of $20,000 and attendant care benefits of $360 each day from September 1, 2011 to the present.

As a part of discovery in this case, Defendant Allstate Insurance Company produced thirty-six pages of adjuster log notes. Before handing over the notes, Defendant first redacted certain entries, claiming they were privileged. Counsel for Plaintiff sought a complete review of the un-redacted log notes, and Defendant refused. Two copies of the notes, one with redactions and one without, were then submitted to the Court, along with Defendant's assertions of the

applicable privilege.  Based on the following, Defendant will not be required to deliver the un-redacted log notes.

**I**

Defendant asserts two sources of privilege for the redactions: the attorney-client privilege and the work-product doctrine.  To assert the attorney-client privilege, a client must establish the existence of an attorney-client relationship.  Furthermore, the relationship must involve the continued general nature of legal services.  Business advice received from an attorney is not privileged.  *See In the Matter of Walsh*, 623 F.2d 489, 494 (7th Cir. 1980).  The attorney-client privilege protects only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege.  *See Fisher v. United States*, 425 U.S. 391, 403 (1976).  It is the burden of one asserting the privilege to establish that each document in question involves a communication made in confidence.  *See In the Matter of Walsh*, *supra*, at 494.

The work-product doctrine is embodied in the case law drawn from the Supreme Court's decision in *Hickman v. Taylor*, 329 U.S. 495 (1947), now codified by Federal Rule of Civil Procedure 26.  The work-product doctrine extends privilege to documents that are otherwise discoverable if prepared in anticipation of litigation.  Because Rule 26 applies only when a document is otherwise discoverable, if the material is privileged by the attorney-client privilege, work-product analysis is unnecessary.

In *Toledo Edison Co. v. G.A. Technologies, Inc., Torrey Pines Technology Div*., 847 F.2d 335 (6th Cir. 1988), the court explained the steps a party must go through to claim work product privilege.  Once a party has requested relevant material, the burden shifts to the objecting party to show that the material was prepared in anticipation of litigation or for trial by or for that party.  This showing can be made in any of the traditional ways in which proof is produced in pretrial proceedings, such as by affidavit on personal knowledge, depositions, or answers to

interrogatories.  This showing can then be opposed in the same manner.  If the party asserting the work product doctrine meets the burden identified above, the burden shifts back to the requesting party to show it has substantial need of the materials and is unable, without undue hardship, to obtain the substantial equivalent of the material by other means.  Even if the court determines the requesting party has a substantial need for the materials and would not be able to obtain them without undue hardship, the rule is explicit that the court is not to permit discovery of the "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of the party concerning the litigation."  Fed. R. Civ. P. 26(b)(3). The party asserting the work product doctrine has the burden of establishing that the materials are of mental impressions, conclusions, opinions, or legal theories.  *See Toledo Edison*, 329 U.S. at 339–40.

## II

Defendant identifies 44 redactions from the log notes delivered to Plaintiff.  Defendant has withdrawn its claim of privilege for one of those redactions, located on page two of the notes.  Seventeen other redactions have been withdrawn by Defendant "solely for the purposes of discovery."  Def.'s Mem. Ex. A, ECF No. 7.  The remaining 26 redactions have been outlined as either falling within the attorney-client privilege or the work-product doctrine.

After reviewing the un-redacted log notes, Defendant's contentions are correct.  The 26 entries all relate either directly to conversations between individuals and defense counsel in order to obtain legal advice, or reflect notes and thoughts created for use during impending litigation. Each of the 26 entries has been properly redacted, and Defendant need not deliver them to Plaintiff.

Regarding the seventeen redactions Defendant claims will be disclosed for purposes of discovery only, it is unclear how waiving the privilege now can be overlooked later.  The Sixth

Circuit has established that "waiver of a privilege occurs when actions by the holder would make it *unfair* to insist that the privilege still exists." *In re Grand Jury Proceedings Oct. 12, 1995*, 78 F.3d 251, 256 (6th Cir. 1996) (emphasis in original) (citing *In re Dayco Corp. Derivative Securities Litigation*, 99 F.R.D. 616, 619 (S.D. Ohio 1983)).   While it would not be unfair for Defendant to later assert privilege, as Plaintiff is now aware Defendant believes privilege applies, it would seem unnecessary.   The redactions concern information covered by the work-product doctrine, not attorney-client privilege.   As these materials are only precluded from discovery because they involve Defendant's trial strategy, it would seem superfluous to disclose them to Plaintiff, then claim privilege at a later date.

The Sixth Circuit has also held that once the right to privilege has been waived, it cannot be later reasserted.  *In re Columbia/HCC Healthcare Corp. Billing Practices Litigation*, 293 F.3d 289, 307 (6th Cir. 2002).  *See also Green v. Crapo*, 181 Mass. 55, 62 (1902) (Holmes, J.) (Once "the privacy for the sake of which the privilege was created [is] gone by the [client's] own consent . . . the privilege does not remain in such circumstances for the mere sake of giving the client an additional weapon to use or not at his choice."); *Permian Corp. v. United States*, 665 F.2d 1214, 1221 (D.C. Cir. 1981) ("The client cannot be permitted to . . . invoke the privilege as to communications whose confidentiality he has already compromised for his own benefit.").  Once Defendant waives a privilege it cannot be later resurrected.

**III**

Accordingly, it is **ORDERED** that Defendant is permitted to redact the 26 privileged entries in the log notes delivered to Plaintiff.

It is further **ORDERED** that Defendant is **DIRECTED** to deliver the log notes to Plaintiff without any further redactions, with no option for later claiming the information is privileged.


                                        s/Thomas L. Ludington
                                        THOMAS L. LUDINGTON
                                        United States District Judge
Dated: November 15, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 15, 2012
                        s/Tracy A. Jacobs
                        TRACY A. JACOBS